IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II,<br><br>Petitioner,<br><br>vs.<br><br>MATT RIEGHARD, LEO GALLAGHER, JUDGE REYNOLDS,<br><br>Respondents. | Cause No. CV 17-77-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On July 10, 2017, Petitioner Wayne A. Hussar, II, filed documents which the Court has construed as a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Hussar is a state prisoner proceeding pro se.

## I. Motion to Proceed In Forma Pauperis

Hussar has applied to proceed in forma pauperis. (Doc. 2). Because there is no reason to delay this action, Hussar's motion will be GRANTED.

## II. 28 U.S.C. § 2254 Petition

According to the Lewis and Clark Detention Center Inmate Roster, Hussar was booked into custody on April 4, 2017.[1] Although it is not clear exactly what

---

[1] See: http://www.lccountymt.gov/index.php?id=161 (accessed July 11, 2017).

1

charges Hussar currently faces, it seems that they stem from allegations lodged by his wife and son, which, according to Hussar, they now wish to recant. (Doc. 1 at 1). Hussar claims that his former attorney advised the prosecutor, Leo Gallagher, that Hussar's wife, Sandy, did not tell law enforcement that Hussar threatened to shoot her, but rather that her words were unfairly "twisted." *Id*. Hussar further claims that during his bond hearing Mr. Gallagher brought up character evidence from a prior criminal case and, in so doing, slandered Hussar. *Id*. at 2. Hussar states that he continues to be held illegally on a false charge. *Id*. Hussar has apparently filed a complaint with the Montana Judicial Standards Committee raising his concerns regarding both Mr. Gallagher and Judge Reynolds. *Id*.

Hussar asks this Court to order his release, dismiss the pending criminal charge and corresponding no contact order, and impose a separate monetary sanction of $2,000 per day against each defendant for his unlawful incarceration. *Id*.

      i.    **Analysis**

For the reasons discussed below, the Court has construed Hussar's filing as a petition for a writ of habeas corpus. Should Hussar wish to pursue a civil complaint, he must refile a separate action. Hussar's petition should be dismissed because the claims he advances relative to his current custody have not yet been exhausted in the state court system. Dismissal should be without prejudice.

As set forth above, in his petition Hussar requests release from custody, dismissal of charges, and monetary compensation. "The Supreme Court has recognized that '[f]ederal law opens two main avenues to relief on complaints releated to imprisonment: a petition for habeas corpus, 28 U.S. C. §2254, and a complaint under the Civil Rights Act of 1871 . . . 42 U.S.C. §1983.'" *Nettles v. Grounds*, 830 F. 3d 922, 927 (9th Cir. 2016) (en banc), cert. denied, 137 S. ct. 645 (2017) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam)). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a §1983 action." *Id.* (internal citations omitted). Because success on Hussar's claims would necessarily lead to his immediate or earlier release from confinement, his claims fall within the core of habeas and not §1983. *See Nettles*, 830 F. 3d at 935.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies

available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

    A review of Hussar's petition reveals that his state court proceedings are still in their initial stages. Even if Hussar could state a cognizable constitutional claim at this juncture, it does not relieve him of the burden of first presenting such a claim to the state courts. The Court has reviewed the Montana Supreme Court docket, and it does not appear that Hussar has attempted to file any action challenging his current custodial status.[2] Accordingly, there are still remedies available to Hussar under state law, including extraordinary, direct, and collateral review. Because Hussar has not yet exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice and Hussar may return to this Court if and when he

---

[2] See generally: https://supremecourtdocket.mt.gov/search/acsearch (accessed July 11, 2017).

fully exhausts the claims relative to his current custody in the state courts.

### ii. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Hussar has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court issues the following order:

## ORDER

1. Mr. Hussar's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) is GRANTED.

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED as unexhausted.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Hussar may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Hussar must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."  Failure to do so may result in dismissal of his case without notice to him.

---

[3] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

DATED this 17th day of July 2017.

                                      */s/ John Johnston*
                                      John Johnston
                                      United States Magistrate Judge